# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>ANTOINETTE M. SAMUEL,<br><br>    Debtor. | Case No.  11-18651-RGM<br>(Chapter 13) |
| ANTOINETTE M. SAMUEL,<br><br>    Plaintiff,<br><br>vs.<br><br>STEPHEN A. SAMUEL, et al,<br><br>    Defendant. | Adv. Proc. No. 12-1133 |

## MEMORANDUM OPINION

At the conclusion of the case, Stephen A. Samuel inquired as to whether his liability on obligations secured by the Arlington property would be affected by the court's ruling. The court ruled that the Arlington property which Antoinette M. Samuel had conveyed from her own name to their joint names would be reconveyed to her alone. The court determined that the Baltimore properties were investment properties acquired by the parties jointly. Part of the financing for the investment properties involved refinancing the Arlington property.

Stephen A. Samuel's liability on any notes secured by the Arlington property is unaffected by the rulings in this case. There are two reasons. First, the lenders, although parties to the case, were not on notice that their rights to payment from Stephen A. Samuel might be affected by this case. Neither party requested that relief. The case was solely about how the property should be titled. Because the lenders were not on notice that there might be a request that Stephen A. Samuel

be released from liability, they did not appear and did not defend on that issue. The court is unable to affect their rights unless they are given proper notice that the parties seek to modify their rights.

The second reason is that the financing now secured by the Arlington property is extricably intertwined with the Baltimore investment properties. If the parties do not consensually resolve their business relationship with respect to the Baltimore properties, it is likely that either the properties will be sold at foreclosure or that one of the parties will seek partition of them together with an accounting. That proceeding is the appropriate proceeding to determine as between the parties who is responsible for the various obligations. The court notes that Antoinette M. Samuel is now before the court in a chapter 13 proceeding and that the automatic stay imposed by §362 prevents Stephen A. Samuel from commencing a partition and accounting suit without further relief from this court.

It is for these reasons that Stephen A. Samuel's liability to the lender for notes secured by the Arlington property is not affected and cannot be released in this proceeding.

Alexandria, Virginia
January 30, 2013

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

William Francis Markley
David Thomas Lampton

Copy mailed to:

Stephen A. Samuel
9135 Karlo Street
Manassas, Virginia 20110

Central Mortgage Company
801 John Barrow, Suite 1
Little Rock, Arkansas 72205

Green Tree Servicing, LLC
7360 South Kyrene Road
Recovery Dept. T-120
Tempe, Arizona 85283

Lakeside National Mortgage
54 Windemere Parkway
Phoenix, Maryland 21131

18271